IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY VALE<br>24 Major Hale Drive<br>Framington, MA  01701 | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)<br>) |
| ELI LILLY AND COMPANY<br>Lilly Corporate Center<br>Indianapolis, IN  46285 | )  CIVIL ACTION _____<br>)<br>)  SUPERIOR COURT NO. 07-0000081<br>) |
| and | )<br>)  DEFENDANT ELI LILLY AND |
| ABBOTT LABORATORIES, INC.<br>100 Abbott Park Road<br>Abbott Park, IL  60064<br>w/s/o CT CORPORATION<br>1025 Vermont Avenue, N.W.<br>Washington, D.C. 20005 | )  COMPANY'S ANSWER TO<br>)  PLAINTIFF'S COMPLAINT<br>)<br>)<br>)<br>)<br>) |
| BRISTOL-MYERS SQUIBB COMPANY<br>a successor of E.R. SQUIBB & SONS, INC.<br>P. O. Box 4500<br>Princeton, NJ  08543<br>w/s/o CT CORPORATION<br>1025 Vermont Avenue, N.W.<br>Washington, D.C. 20005 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| DART INDUSTRIES, INC., a successor to<br>REXALL DRUG COMPANY, INC.<br>w/s/o Sheila AnnMarie Moeller, Esq.<br>Gilbride, Tusa, Last & Spellane, LLC<br>31 Brookside Drive<br>Greenwich, CT 06836 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| ELAN PHARMACEUTICALS,<br>A successor to CARNRICK<br>LABORATORIES, INC.,<br>w/s/o CT CORPORATION | )<br>)<br>)<br>) |

1025 Vermont Avenue, NW                    )
Washington, DC 20005                        )
                                            )
and                                         )
                                            )
GLAXOSMITHKLINE, INC.,                      )
a successor to S.E. Massengill and          )
Burroughs-Wellcome Co.,                     )
1500 K Street, NW                           )
Washington, D.C. 20036                      )
                                            )
and                                         )
                                            )
MALLINCKRODT, INC.                          )
675 McDonnell Boulevard                     )
St. Louis, MO 63042                         )
                                            )
and                                         )
                                            )
MERCK & COMPANY, INC.                       )
601 Pennsylvania Avenue, N.W.               )
North Building, Suite 1200                  )
Washington, DC 20004                        )
                                            )
and                                         )
                                            )
ORTHO MCNEIL LABS, INC.                     )
A Delaware Corporation                      )
1000 Route 202 South                        )
Raritan, NJ 08869                           )
                                            )
and                                         )
                                            )
PERSON & COVEY, INC.                        )
616 Allen Avenue                            )
Glendale, CA 91221                          )
                                            )
and                                         )
                                            )
                                            )
                                            )
                                            )
PHARMACIA and UPJOHN COMPANY                )
(a/k/a THE UPJOHN COMPANY)                  )
100 Route 206 North                         )
Peapack, NJ 07977                           )

w/s/o CT CORPORATION                    )
1025 Vermont Avenue, N.W.               )
Washington, D.C. 20005                  )
                                        )
and                                     )
PREMO PHARMACEUTICAL                    )
LABORATORIES, INC.                      )
w/s/o Corporation Trust Co.             )
820 Bear Tavern Road                    )
West Trenton, NJ 08628                  )
                                        )
         Defendants.                    )
                                        )
                                        )
                                        )
                                        )
                                        )
_____   )

## DEFENDANT ELI LILLY AND COMPANY'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers

by like numbered paragraphs the Complaint filed in this action as follows:

Answers to each paragraph of the Complaint by Lilly are made without waiving,

but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions

directed to the allegations of the Complaint.

### FIRST DEFENSE

1.      Whether this Court has jurisdiction under 11 D.C. Code § 921 is a legal

question to which no response is required.  To the extent a response is required, however, Lilly

denies the allegations contained in Paragraph 1 of the Complaint.

2.      In response to the allegations contained in Paragraph 2 of the Complaint,

Lilly states that it did sell and distribute DES in the District of Columbia.  Lilly also states that it

is doing business in the District of Columbia and that the U.S. Food and Drug Administration

- 3 -

("FDA") approved Lilly's sales of DES and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

## COUNT I – NEGLIGENCE

3.      Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 concerning the alleged prescription, purchase and ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Lilly denies all other allegations in paragraph 3 of the Complaint.

4.      Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5.      Lilly denies the allegations contained in Paragraph 5 of the Complaint.

## COUNT II - STRICT LIABILITY

6.      Lilly repeats and realleges its answers in Count I above.

7.      Lilly denies the allegations in Paragraph 7 of the Complaint.

8.      Lilly denies the allegations contained in Paragraph 8 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Except as already stated, Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9.      Lilly denies the allegations in Paragraph 9 of the Complaint.

10.     Lilly denies the allegations in Paragraph 10 of the Complaint.

11.     Lilly denies the allegations in Paragraph 11 of the Complaint.

12.     Lilly denies the allegations in Paragraph 12 of the Complaint.

13.     Lilly denies the allegations in Paragraph 13 of the Complaint.

2293661v1

## COUNT III - BREACH OF WARRANTY

14.     Lilly repeats and realleges its answers in Counts I and II above.

15.     Lilly denies the allegations contained in Paragraph 15 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

16.     Lilly denies the allegations in Paragraph 16 of the Complaint.

17.     Lilly denies the allegations in Paragraph 17 of the Complaint.

18.     Lilly denies the allegations in Paragraph 18 of the Complaint.

## COUNT IV - MISREPRESENTATION

19.     Lilly repeats and realleges its answers in Counts I, II and III above.

20.     Lilly denies the allegations in Paragraph 20 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

21.     Lilly denies the allegations in Paragraph 21 of the Complaint.

22.     Lilly denies the allegations in Paragraph 22 of the Complaint.

23.     Lilly denies the allegations in Paragraph 23 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

2293661v1

## THIRD DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations or laches.

## FOURTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

## FIFTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom Defendant discharged any duty to warn.

## SIXTH DEFENSE

This court lacks personal jurisdiction over Defendant Eli Lilly.

## SEVENTH DEFENSE

Venue is improper.

## EIGHTH DEFENSE

Plaintiff's claims are barred and preempted by Eli Lilly and Company's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 e seq. and/or the regulations promulgated pursuant to that Act.

## NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

## JURY DEMAND

Defendant Eli Lilly and Company demands a trial by jury on all issues.

WHEREFORE, having fully answered Plaintiff's Complaint, Lilly prays as follows:

1.      That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff takes nothing thereby;

2.      That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

Respectfully submitted,

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2293661v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this $24th$ day of January, 2007, a true and accurate copy of Defendant Eli Lilly and Company's Answer to Plaintiff's Complaint has been furnished by first-class U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

**Attorneys for Plaintiff**


Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202

**Attorneys for Bristol Myers Squibb
Company**


Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005

**Attorneys for Merck & Company,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceuticals, Inc.**


John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102

**Attorneys for Dart Industries, Inc.**


Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204

**Attorneys for GlaxoSmithKline, Inc. and**


Aaron M. Bailey
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

**Attorneys for Premo Pharmaceuticals
Laboratories, Inc.**


Person & Covey, Inc.
616 Allen Avenue
Glendale, CA 91221

**Defendant**


Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793

**Attorneys for Abbott Laboratories, Inc.**


Gerry H. Tostanoski
Jaime W. Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202

**Attorneys for Elan Pharmaceuticals**

2293661v1

**Mallinckrodt, Inc.**

ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY