IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY VALE                                    *
                                              *
    Plaintiff,                               *
                                              *
v.                                            *   Civil Action No. 07-CV-0179 (RMU)
                                              *
Eli Lilly and Company, et al                  *
                                              *
    Defendants.                              *
                                              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## Answer to Complaint

Defendant Mallinckrodt, Inc. ("Mallinckrodt"), by its undersigned attorneys, states as follows in answer to Plaintiff's Complaint:

## Preliminary Statement

Mallinckrodt states that to the extent that averments in the Complaint refer generally to "defendants," Mallinckrodt answers these allegations as to itself. Mallinckrodt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Complaint to the extent that such allegations refer or relate to defendants other than Mallinckrodt. Mallinckrodt further denies all averments made in any heading of the Complaint. As to the specific allegations of the Complaint, Mallinckrodt states as follows:

1.     Denied. The averments set forth in paragraph 1 of the Complaint are legal conclusions to which no responsive pleading is required, and therefore are deemed denied.

2. Admitted in part, denied in part. Mallinckrodt admits that it is a corporation which is duly authorized to do business in the District of Columbia. Mallinckrodt is without knowledge or information to form a belief as to the truth of the remaining averments set forth in paragraph 2 of the Complaint and therefore denies the same.

## Count I
### (Negligence)

3. Denied. Mallinckrodt denies the averments set forth in paragraph 3 of the Complaint as they relate to Mallinckrodt.

4. Denied. Mallinckrodt denies the averments set forth in paragraph 4 of the Complaint.

5. Denied. Mallinckrodt denies the averments set forth in paragraph 5 of the Complaint.

## Count II
### (Strict Liability)

6. Mallinckrodt reavers and restates its responses to the averments of paragraphs 1 – 5 of the Complaint, as if fully set forth herein.

7. Denied. Mallinckrodt denies the averments set forth in paragraph 7 of the Complaint.

8. Denied. Mallinckrodt denies the averments set forth in paragraph 8 of the Complaint.

9. Denied. Mallinckrodt denies the plaintiff's exposure to its product at issue. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the Complaint, and therefore denies the same.

10. Denied. Mallinckrodt denies the averments set forth in paragraph 10 of the Complaint.

11. Denied. Mallinckrodt denies the averments set forth in paragraph 11 of the Complaint.

12. Denied. Mallinckrodt denies the averments set forth in paragraph 12 of the Complaint.

13. Denied. Mallinckrodt denies the averments set forth in paragraph 13 of the Complaint.

## Count III
### (Breach of Warranty)

14. Mallinckrodt reavers and restates its responses to the averments of paragraphs 1-13 of the Complaint, as if fully set forth herein.

15. Denied. The averments set forth in paragraph 15 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

16. Denied. The averments set forth in paragraph 16 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

17. Denied. Mallinckrodt denies the averments set forth in paragraph 17 of the Complaint.

18. Denied. Mallinckrodt denies the averments set forth in paragraph 18 of the Complaint.

## Count IV
### (Misrepresentation)

19. Mallinckrodt reavers and restates its responses to the averments of paragraphs 1-18 of the Complaint, as if fully set forth herein.

20. Denied. The averments set forth in paragraph 20 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

21. Denied. Mallinckrodt denies the averments set forth in paragraph 21 of the Complaint.

22. Denied. Mallinckrodt denies the averments set forth in paragraph 22 of the Complaint.

23. Denied. Mallinckrodt denies the averments set forth in paragraph 23 of the Complaint.

In response to the unnumbered paragraph following paragraph 23 of the Complaint, Mallinckrodt states that this paragraph is a demand for relief to which Mallinckrodt responds that plaintiff is not entitled to any relief, including the relief requested therein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Plaintiff's claims based upon Mallinckrodt's alleged duty to warn are barred by the learned intermediary doctrine.

### SECOND DEFENSE

2. Mallinckrodt states that the allegations set forth in the Complaint, and each and every count and claim thereof, fail to state a claim against Mallinckrodt upon which relief can be granted.

### THIRD DEFENSE

3. Mallinckrodt states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the applicable statute of limitations.

### FOURTH DEFENSE

4. Mallinckrodt states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the doctrine of laches.

### FIFTH DEFENSE

5. The causes of action set forth in the Complaint are barred in whole or in part by the applicable statute of repose.

### SIXTH DEFENSE

6. Plaintiff's claims are barred by reason of a lack of personal jurisdiction over Mallinckrodt.

### SEVENTH DEFENSE

7. Plaintiff's claims should be dismissed on the grounds of forum non-conveniens.

### EIGHTH DEFENSE

8. Mallinckrodt never manufactured, sold or distributed diethylstilbestrol ("DES") in the years or dosage allegedly ingested by the plaintiff's mother.

### NINTH DEFENSE

9. Mallinckrodt never manufactured, sold, or distributed DES and is not legally responsible as a successor corporation to any companies which have done so, including but not limited to Dumas-Wilson & Co.

### TENTH DEFENSE

10. Mallinckrodt never manufactured, sold, or distributed DES and is not responsible or other acts of any corporation acquired or whose assets were acquired by Mallinckrodt, which may have manufactured, sold, or distributed DES.

### ELEVENTH DEFENSE

11. If plaintiff can identify the manufacturer of the product which allegedly caused the alleged injuries or damages, and if Mallinckrodt is not such manufacturer, plaintiff's claims for relief against Mallinckrodt are barred.

### TWELFTH DEFENSE

12. If Mallinckrodt is not identified as the manufacturer of the product which allegedly caused the alleged injuries or damages, any recovery against Mallinckrodt would violate its constitutional rights, including, but not limited to, its rights to due process and equal protection under the Fifth and Fourteenth Amendments to the Constitution of the United States.

### THIRTEENTH DEFENSE

13. As to all causes of action pleaded in the Complaint which are based upon express or implied representations, such causes of action are legally insufficient against Mallinckrodt.

### FOURTEENTH DEFENSE

14. Mallinckrodt states that the plaintiff's natural mother knowingly and intentionally assumed the risks, if any, inherent in the use of diethylstilbestrol ("DES"), which is a complete bar to plaintiff's recovery in this case.

6

**FIFTEENTH DEFENSE**

15. If plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she fails to state a claim upon which relief can be granted in that she has asserted claims for relief which, if granted, would violate the public policy of the District of Columbia and all other applicable states, and constitute a denial by this Court of Mallinckrodt's federal and state constitutional rights to due process of law, equal protection of the law, and to be free from the imposition of state law liabilities that interfere with the federal regulation of pharmaceutical products and the free flow of commerce between and among the states.

**SIXTEENTH DEFENSE**

16. Because plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she lacks standing to pursue this action.

**SEVENTEENTH DEFENSE**

17. Mallinckrodt states that in the event a sale is pleaded or determined upon trial, or in the event reliance is placed upon a breach of warranty, whether express or implied, this action is barred since there was no reliance upon any warranties, if any, of Mallinckrodt.

**EIGHTEENTH DEFENSE**

18. Mallinckrodt states that DES was and has been formulated, tested, manufactured, processed and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Act and regulations promulgated thereto. Accordingly, plaintiff's claims, predicated on state tort law, are preempted or barred by the Supremacy Clause of the United States Constitution.

**NINTEENTH DEFENSE**

19. Mallinckrodt states that plaintiff's claims may be barred by contributory negligence, which was a direct and proximate cause of the plaintiff's alleged conditions, which is a complete bar to plaintiff's recovery in this case.

### TWENTIETH DEFENSE

20. Plaintiff has failed to join all necessary parties.

### TWENTY-FIRST DEFENSE

21. If plaintiff sustained the injuries alleged in the Complaint, which is denied, there was an intervening cause or causes leading to these alleged injuries, and therefore, any action on the part of Mallinckrodt was not the proximate and/or competent producing cause of the alleged injuries.

### TWENTY-SECOND DEFENSE

22. If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused solely by the conduct of one or more third persons for whose conduct Mallinckrodt is not responsible or with whom Mallinckrodt has no legal relation.

### TWENTY-THIRD DEFENSE

23. If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES, and were not due to or caused by the fault, lack of care, negligence or any breach of duty by Mallinckrodt.

### TWENTY-FOURTH DEFENSE

24. Mallinckrodt states that plaintiff failed to give notice of the alleged defects within the time limitations imposed by law.

### TWENTY-FIFTH DEFENSE

25. Upon information and belief, if the injuries referred to in the Complaint were caused by DES manufactured by Mallinckrodt, which is denied, the injuries are the result of an idiosyncratic reaction on the part of the plaintiff's natural mother and/or plaintiff to the drug.

### TWENTY-SIXTH DEFENSE

26. If DES manufactured by Mallinckrodt was involved in the injuries claimed by the plaintiff, which is denied, upon information and belief, the use of DES was improper or not in accordance with prescribed, correct procedures. Accordingly, the DES was abused, misused and applied for purposes other than those which were indicated or intended by Mallinckrodt, which is a complete bar to plaintiff's recovery in this case.

### TWENTY-SEVENTH DEFENSE

27. At all times relevant hereto, the benefits of DES outweighed the risks, if any, which may have been attendant to its use.

### TWENTY-EIGHTH DEFENSE

28. Some or all of the plaintiff's claims are barred by collateral estoppel and res judicata.

### TWENTY-NINTH DEFENSE

29. If plaintiff sustained injuries or incurred expenses as alleged, which is denied, the risks complained of by plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state-of-the-art and were not discoverable using procedures required by federal or state regulatory authorities charged with supervision or licensing of the product as of the time Mallinckrodt sold or otherwise parted with possession and control of the product in question. Accordingly, Mallinckrodt's product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled, and sold and therefore plaintiff is barred from recovery.

### THIRTIETH DEFENSE

30. At all times, Mallinckrodt fully complied with all applicable federal, state, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug, and Cosmetic Act, and promulgated by the Federal Food and Drug Administration.

## THIRTY-SECOND DEFENSE

32.     Mallinckrodt states that it incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the Answers by any other defendant and intends to rely on other affirmative defenses which may become available or apparent during discovery, and hereby reserves its right to amend this answer to assert such defenses.

**WHEREFORE**, Mallinckrodt respectfully requests that this Honorable Court enter an Order dismissing plaintiff's Complaint with prejudice, or for such other relief as the nature of this cause may require.

Respectfully submitted,

/s/Janet K Coleman
Daniel W. Whitney (Bar No. 438668)
Janet K. Coleman  (Bar No. 497902)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000

**Attorneys for Mallinckrodt, Inc.**