IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY VALE | ) |
| | ) |
|       Plaintiff, | ) |
| | )  Civil Action No.: 07-CV-179 (RMU) |
| v. | ) |
| | ) |
| ELI LILLY AND COMPANY, et al. | ) |
| | ) |
|       Defendants. | ) |
| _____ | ) |

**DEFENDANT ELAN PHARMACEUTICALS, INC.'S ANSWER TO COMPLAINT**

      Defendant Elan Pharmaceuticals, Inc. f/k/a/ Carnrick Laboratories, Inc. (referred to herein as "Elan"), by its undersigned attorneys, answers the complaint filed in this action as follows:

**ANSWER**

      1.      Elan denies that jurisdiction is proper under 11 D.C. Code § 921 (1981 ed.).

      2.      Elan denies each and every allegation contained in paragraph 2 of the complaint except it admits that at certain times Elan obtained permission to market diethylstilbestrol ("DES") for prescription by duly licensed medical practitioners for various purposes.  Further, to the extent that the allegations in paragraph 2 are directed to other defendants, Elan lacks knowledge or information sufficient to form a belief as to the other defendants.

**COUNT I**
(Negligence)

      3.      Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 3 of the complaint and therefore denies same.  Elan denies the remaining allegations contained in paragraph 3 of the complaint.

4. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint and therefore denies same.

5. The allegations contained in paragraph 5 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 5 may be deemed factual, Elan denies each and every such allegation.

## COUNT II
(Strict Liability)

6. Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of paragraphs 1 through 5 above.

7. The allegations contained in paragraph 7 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 7 may be deemed factual, Elan denies each and every such allegation.

8. Elan denies each and every allegation contained in paragraph 8 of the complaint, except it admits that at certain times its predecessor company obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Further, Elan denies knowledge or information sufficient to form a belief as to the other defendants.

9. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint and therefore denies the same.

10. The allegations contained in paragraph 10 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 10 may be deemed factual, Elan denies each and every such allegation.

11. The allegations contained in paragraph 11 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 11 may be deemed factual, Elan denies each and every such allegation.

12. The allegations contained in paragraph 12 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 12 may be deemed factual, Elan denies each and every such allegation.

13. The allegations contained in paragraph 13 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 13 may be deemed factual, Elan denies each and every such allegation.

## COUNT III
(Breach of Warranty)

14. Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of paragraphs 1 through 13 above.

15. The allegations contained in paragraph 15 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 15 may be deemed factual, Elan denies each and every such allegation. Elan does admit that at certain times its predecessor company obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes.

16. The allegations contained in paragraph 16 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 16 may be deemed factual, Elan denies each and every such allegation.

17. The allegations contained in paragraph 17 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 17 may be deemed factual, Elan denies each and every such allegation.

18. The allegations contained in paragraph 18 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 18 may be deemed factual, Elan denies each and every such allegation.

## COUNT IV
(Misrepresentation)

19.     Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of paragraphs 1 through 18 above.

20.     Elan denies each and every allegation contained in paragraph 20 of the complaint, except it admits that at certain times its predecessor company obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Further, Elan denies knowledge or information sufficient to form a belief as to the other defendants.

21.     Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint and therefore denies the same.

22.     The allegations contained in paragraph 22 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 22 may be deemed factual, Elan denies each and every such allegation.

23.     The allegations contained in paragraph 23 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 23 may be deemed factual, Elan denies each and every such allegation.

By way of further answer, Elan denies all of the allegations of plaintiff's complaint not herein specifically admitted, denied, or denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted. Elan denies that it is in any way responsible for the injuries and damages alleged in the complaint, and further denies it is liable to plaintiff in any manner or amount whatsoever.

## AFFIRMATIVE DEFENSES

Elan pleads the following affirmative defenses to plaintiff's complaint:

1.     The complaint fails to state a claim upon which any relief can be granted.

2.     This Court lacks personal jurisdiction over the defendant.

3. This Court lacks jurisdiction of the subject matter of the action.

4. This Court is the improper venue for plaintiff's cause of action.

5. The place of trial of this action is set without due regard for the convenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical evidence or other proof, and constitutes a *forum non conveniens* that requires that the action be tried in another jurisdiction.

6. Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed plaintiff by this defendant at the time plaintiff's mother allegedly used the drug referred to in the complaint or by reason of the doctrine of *en ventre sa mere* and, therefore, plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted.

7. The complaint fails to join all necessary and indispensable parties in whose absence complete relief cannot be afforded among those already parties.

8. The injuries and damages allegedly sustained by plaintiff are attributable to the acts and/or omissions of other entities not parties to this action.

9. Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitation and/or repose.

10. Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

11. Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

12. Plaintiff's claims are barred by contributory negligence on the part of plaintiff and/or plaintiff's natural mother.

13. Plaintiff's claims are barred by assumption of risk by plaintiff and/or plaintiff's natural mother.

14. The drug referred to in plaintiff's complaint is a prescription drug and the Federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution, and sale of the drug referred to in the complaint were and are controlled by Federal law and the manufacture, distribution, and sale of said drug at all times by this defendant were in compliance with applicable Federal law; therefore, plaintiff's causes of action fail to state any claim upon which relief can be granted in that, *inter alia*, such claims for relief if granted, would impede, impair, frustrate or burden the effectiveness of Federal law regulating the field of prescription drugs and would violate the Supremacy Clause of the United States Constitution.

15. Elan asserts that any injuries and damages sustained by plaintiff were caused by the negligence, intentional acts, and/or omissions of persons other than Elan.

16. The alleged injuries and/or damages of plaintiff, if any, were caused by fellow servants.

17. At all times material to plaintiff's claims, Elan had no knowledge, either actual or constructive, and by application of reasonable, developed human skill and foresight, had no reason to know of the propensities, if any, of DES to allegedly cause or contribute to the creation of medical conditions or circumstances involving alleged injury or illness of any type whatsoever.

18. Elan denies the applicability of the doctrine of strict liability in tort to this litigation.

19. Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

20. The pharmaceutical products that plaintiff's natural mother was allegedly prescribed and ingested were, at the time of their manufacture and/or sale by Elan or other

defendants, entirely safe as established by the medical and scientific art at the time of their manufacture and/or sale.

21. Elan's products, if any, were in no way defective or ultra-hazardous in light of the existing state-of-the-art.

22. If any products allegedly used by plaintiff's natural mother were unsafe, they were unavoidably so.

23. Any injuries and damages sustained by the plaintiff were the result of the misuse and/or abuse of the aforesaid product by plaintiff or her natural mother.

24. Elan's alleged failure to warn was not a cause-in-fact of plaintiff's development of any injury.

25. There should be no recovery against Elan under any claim of implied warranty because, upon information and belief, Elan has properly and adequately disclaimed all such implied warranties.

26. There being no privity of contract between Elan and plaintiff, there can be no cause of action against Elan for alleged breach of warranties.

27. There is no warranty, expressed or implied, between plaintiff and Elan, and if there is such warranty, plaintiff has waived any such warranty.

28. Plaintiff failed to give reasonably prompt or timely notice of an alleged breach of warranty and have not given Elan adequate time to cure any alleged defect.

29. Elan did not produce, manufacture, sell, distribute or otherwise place into the stream of commerce any products that were the proximate cause of the claimed injuries of plaintiff.

30. While denying any negligence or improper conduct with respect to the subject matter of the complaint, Elan states that insofar as negligence or improper conduct is found, it was not a proximate cause of any injury allegedly sustained by plaintiff.

31. While denying all allegations of the complaint regarding injury and damages allegedly sustained by plaintiff, Elan states that if plaintiff proves said injuries and damages, they were caused by the superseding and intervening acts of negligence of other parties over whom this defendant had no control, nor right to control, and for whose actions this defendant is not liable.

32. Any and all products allegedly manufactured, supplied, sold, produced or otherwise placed into the stream of commerce by this defendant were in Sealed Containers within the definitions set forth in any applicable statute in this jurisdiction that provides a complete defense to plaintiff's allegations.

33. Plaintiff failed to allege fraudulent conduct on the part of defendant with sufficient particularity to state a cause of action for fraud and/or misrepresentation.

34. Plaintiff failed to mitigate their damages, if any.

35. In the event plaintiff recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced, to the extent allowed by the law of the forum jurisdiction, by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any post or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

36. Elan avails itself of any and all such defenses as have been raised by any of the other defendants and/or third-party defendants in this proceeding as may be applicable to the complaint and/or third-party complaint.

37.     Elan reserves the right to raise such other affirmative defenses as may be available or apparent during discovery.

**WHEREFORE**, defendant, ELAN PHARMACEUTICALS, INC. f/k/a Carnrick Laboratories, Inc. demands judgment dismissing the complaint of plaintiff together with the costs of this action.

Respectfully submitted,

_____/s/_____
John B. Isbister, Bar No. 277418
Jaime W. Luse, Bar No. 501944
 Tydings & Rosenberg LLP
 100 East Pratt Street, 26th Floor
 Baltimore, Maryland 21202
 (410) 752-9700

*Attorneys for Elan Pharmaceuticals, Inc.*
*f/k/a Carnrick Laboratories, Inc.*