IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY VALE, ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Civil Action No.: 07-0179 (RMU) |
| ] | Next Event: Initial Status Hearing on |
| ELI LILLY AND COMPANY, et al., ] | August 27, 2007 at 11:00 a.m. |
| ] | |
| **Defendants.** ] | |

**JOINT RULE 16.3 REPORT**

STATEMENT OF THE CASE:

A.   Plaintiff's:

This is a products liability/personal injury case arising from Plaintiff's in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted and distributed by the Defendants in 1955 to said plaintiff's mother for the purpose of preventing miscarriage.

Plaintiff claims that as a result of her in utero exposure to DES, she has suffered injuries, including, but not limited to, reproductive tract anomalies with resultant poor pregnancy outcomes, suffered physical and mental pain, with concomitant medical and surgical expenses for care and treatment, and that the Defendants are liable for said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

B.   Defendants':

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, Lilly believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of

persuasion that she was exposed in utero to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the Plaintiff complains, and that Lilly breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. Lilly has also asserted several affirmative defenses, including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Bristol-Myers Squibb Company ("Squibb") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet taken place, this Defendant believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of proof that Plaintiff was exposed in utero to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiff complains, or that this Defendant breached any duties owed to the Plaintiff, breached any warranties or made any material misrepresentations. This Defendant has also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or by laches, and by the learned intermediary doctrine.

Defendants Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company ("Upjohn"), Merck & Co., Inc. ("Merck"), and Ortho-McNeil Pharmaceutical, Inc. ("Ortho") generally deny that they are liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, these Defendants believe that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that Plaintiff was exposed to DES in the first place, that any such DES was manufactured or produced by these Defendants, that any such DES caused the injuries of which the Plaintiff complains, and that these Defendants breached any duties

owed to the Plaintiff, breached any warranties, or made any material misrepresentations. These Defendants have also asserted several affirmative defenses, including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Dart Industries, Inc. ("Dart") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, Dart believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that Plaintiff was exposed in utero to DES in the first place, that any such DES was manufactured or produced by Dart, that any such DES caused the injuries of which the Plaintiff complains, and that Dart breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. Dart has also asserted several affirmative defenses, including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, a successor to S.E. Massengill Co. ("GSK"), generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet taken place, this defendant believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that Plaintiff was exposed to DES in the first place, that any such DES was manufactured or produced by this defendant, that any such DES caused the injuries of which the Plaintiff complains, and that this defendant breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. This defendant has also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Premo Pharmaceutical Laboratories, Inc. ("Premo") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, Premo believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that Plaintiff was exposed to DES in the first place, that any such DES was manufactured or produced by Premo, that any such DES caused the injuries of which the Plaintiff complains, and that Premo breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. Premo has also asserted several affirmative defenses, including, that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Mallinckrodt, Inc. ("Mallinckrodt") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet taken place, this defendant believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that Plaintiff was exposed to DES in the first place, that any such DES was manufactured or produced by this defendant, that any such DES caused the injuries of which the Plaintiff complains, and that this defendant breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. This defendant has also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Carnrick Laboratories, Inc., n/k/a Elan Pharmaceuticals, Inc. ("Carnrick") generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has not yet commenced, Carnrick believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that Plaintiff was exposed in utero to DES

in the first place, that any such DES was manufactured or produced by Carnrick, that any such DES caused the injuries of which the Plaintiff complains, and that Carnrick breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. Carnrick has also asserted several defenses, including that the Plaintiff's claims may be barred by the applicable statute of limitations or by laches, and by the learned intermediary doctrine.

IDENTITIES OF THE PARTIES:

Plaintiff:     Nancy Vale

Defendants:   Eli Lilly and Company
              Bristol-Myers Squibb Company
              Dart Industries, Inc.
              Elan Pharmaceuticals
              GlaxoSmithKline, Inc.
              Mallinckrodt, Inc.
              Merck & Company, Inc.
              Ortho-McNeil Pharmaceutical, Inc.
              Pharmacia and Upjohn Company LLC
              Premo Pharmaceutical Laboratories, Inc.

STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES:

A.   Plaintiff's:

The statutory basis for the Plaintiff's cause of action is 28 U.S.C. §1332(a) (diversity).

B.   Defendants':

The only affirmative defense asserted by the Defendants with a statutory basis is that the Plaintiff's claims may be barred by the statute of limitations.

Pursuant to this Court's Order Setting Initial Status Conference, Local Rule 16.3 and Fed. R. Civ. P. 26(f), the attorneys for plaintiff and defendants conferred up to and including August 9, 2007, and hereby submit the following succinct statement of all agreements reached and positions

taken by the parties on matters about which there was a disagreement:

POSITION OF PARTIES: It is too early to evaluate the likelihood that Defendants will bring dispositive motions as the parties have not yet engaged in any discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional parties or amend the pleadings. The parties acknowledge that once discovery has begun, there may then be a need to join other parties or to amend the pleadings. Defendant, Eli Lilly and Company ("Lilly"), proposes a deadline for joinder or amending the pleadings of March 8, 2008. Plaintiff and all other remaining defendants do not want a deadline for joinder or amending the pleadings; (b) the parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Plaintiff consents to having the case assigned to a magistrate judge. Defendants do not consent to having the case assigned to a magistrate judge.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: This matter has been resolved with Defendants Abbott Laboratories, Inc. and Person & Covey, Inc. While the remaining parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES:  The parties propose to have this case referred to Magistrate Judge Alan Kay, or another mediator of the Court's choosing, for mediation to begin after the completion of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgement or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendants learn during discovery, Defendants may file motions for summary judgement or motions to dismiss.  The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.,and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) initial disclosures.  The parties also agree that if plaintiff requests an extension of time to respond to defendants' discovery requests, plaintiff shall at least produce the following by the original deadline for responding to the discovery requests: (a) all medical records in her possession (or the possession of her attorneys); (b) authorizations to obtain medical records; (c) the identity and address of all known medical providers who have treated plaintiff and/or her mother; (d) the identity and address of the pharmacy, physician and/or hospital dispensing the DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the possession of plaintiff and/or their attorneys regarding the identity of the manufacturer of the DES at issue in this lawsuit.

Defendants agree that, within a week of the time that defendants obtain any medical records (other than medical records received directly from plaintiff), defendants shall send a copy of all such

medical records to plaintiff's counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES: The parties agree that, pursuant to Fed. Rule 33, each party is limited to 25 interrogatories. The parties agree that the number of non-expert depositions should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the depositions of the Plaintiff, any former or current spouse of plaintiff, plaintiff's mother and father, as well as the depositions of any relevant medical providers, pharmacists or pharmacy personnel. The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

December 10, 2007:   Deadline for serving discovery requests.

February 8, 2008:   Deadline for plaintiff to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

April 8, 2008:   Deadline for defendants to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

June 9, 2008:   All Discovery Closed. The parties agree that experts may be deposed until the close of discovery.

July 9, 2008:   Deadline for filing Dispositive Motions.

August 2008:   Pre-Trial Conference.

*N.B.   In addition, Defendant Lilly proposes March 8, 2008 as the deadline for joinder or amending the pleadings.*

The parties' Proposed Scheduling Order attached hereto as Appendix No. 1.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree to make all expert witnesses available for deposition. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2), except that the parties agree to dispense with the requirement of Rule 26(a)(2)(B) of a list of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. However, the expert witness shall provide said list of cases at the time of his/her deposition.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF PARTIES: Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in August 2008.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The plaintiff prefers that a firm trial date be set at the first scheduling conference. Defendants do not prefer that a firm trial date be set at the first scheduling

conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time.

|  |  |
|---|---|
|  | Respectfully submitted, |
| AARON M. LEVINE & ASSOCIATES | SHOOK, HARDY & BACON, L.L.P. |
| /s/ Aaron M. Levine<br>AARON M. LEVINE, #7864<br>1320 19th Street, N.W., Suite 500<br>Washington, DC 20036<br>202/833-8040 | /s/ John Chadwick Coots (by permission-rm)<br>JOHN CHADWICK COOTS, #461979<br>600 14th Street, N.W., Suite 800<br>Washington, DC 20005-2004<br>202-223-1200 |
| Counsel for Plaintiff | and |
|  | David W. Brooks, Esq.<br>Jonathan H. Gregor, Esq.<br>SHOOK, HARDY & BACON, L.L.P.<br>2555 Grand Boulevard<br>Kansas City, MO 64108<br>816-474-6550<br>Fax: 816-421-5547 |
|  | Counsel for Defendant Eli Lilly and Company |
|  | GOODELL, DEVRIES, LEECH & DANN, LLP |
|  | /s/ Sidney G. Leech (by permission-rm<br>SIDNEY G. LEECH, #359071<br>One South Street, 20th Floor<br>Baltimore, MD 21202<br>410-783-4000 |
|  | Counsel for Defendant Bristol-Myers Squibb |

TROUTMAN SANDERS LLP

 /s/ John F. Anderson (by permission-rm)
JOHN F. ANDERSON, #393764
1660 International Drive, Suite 600
McLean, VA   22102
703-734-4356

Counsel for Defendant Dart Industries, Inc.

GOODWIN PROCTER LLP

 /s/  Sarah  S.  Keast   (by permission-rm)
SARAH S. KEAST, #493632
901 New York Avenue, N.W.
Washington, DC   20001
202-346-4000

Counsel for Defendant Premo Pharmaceutical
     Laboratories, Inc.

DRINKER BIDDLE & REATH LLP

 /s/ Elizabeth Ewert   (by permission-rm)
ELIZABETH EWERT, #479368
1500 K Street, N.W., Suite 1100
Washington, DC   20005-1209
202-842-8800

Counsel for Defendants Pharmacia and Upjohn
     Company, Merck & Co., Inc. and Ortho-
     McNeil Pharmaceutical, Inc.

WHITNEY & BOGRIS, LLP

 /s Janet K. Coleman (by permission-rm)
JANET K. COLEMAN, #497902
401 Washington Avenue, Twelfth Floor
Towson, MD   21204
410-583-8000

Counsel for Defendants SmithKline Beecham
     Corporation d/b/a GlaxoSmithKline and
     Mallinckrodt, Inc.

                    TYDINGS & ROSENBERG LLP

               /s/ Jaime W. Luse (by permission-rm)
               JAIME W. LUSE, #501944
               100 East Pratt Street, 26th Floor
               Baltimore, MD   21202
               410-752-9700

               Counsel for Elan Pharmaceuticals, Inc. f/k/a
                       Carnrick Laboratories, Inc.

Dated: August 9, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY VALE, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v.                                                         ] | Civil Action No.: 07-0179 (RMU) |
| ] | Next Event: Initial Status Hearing on |
| ELI LILLY AND COMPANY, et al.,   ] | August 27, 2007 at 11:00 a.m. |
| ] | |
| Defendants.                         ] | |

**[PROPOSED] SCHEDULING ORDER**

The parties propose the following schedule:

December 10, 2007:     Deadline for serving discovery requests.

February 8, 2008:     Deadline for plaintiff to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

April 8, 2008:     Deadline for defendants to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

June 9, 2008:     All Discovery Closed. The parties agree that experts may be deposed until the close of discovery.

July 9, 2008:     Deadline for filing Dispositive Motions.

August 2008:  Pre-Trial Conference.

*N.B.     In addition, Defendant Lilly proposes March 8, 2008 as the deadline for joinder or amending the pleadings.*

DATED: _____          _____
                                                                                RICARDO M. URBINA
                                                                                United States District Judge

                                                    Respectfully submitted,

| | |
|---|---|
| AARON M. LEVINE & ASSOCIATES | SHOOK, HARDY & BACON, L.L.P. |
| | |
| /s/ Aaron M. Levine | /s/ John Chadwick Coots (by permission-rm) |
| AARON M. LEVINE, #7864 | JOHN CHADWICK COOTS, #461979 |
| 1320 19th Street, N.W., Suite 500 | 600 14th Street, N.W., Suite 800 |
| Washington, DC 20036 | Washington, DC 20005-2004 |
| 202/833-8040 | 202-223-1200 |
| | |
| Counsel for Plaintiff | and |

David W. Brooks, Esq.
Jonathan H. Gregor, Esq.
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
816-474-6550
Fax: 816-421-5547

Counsel for Defendant Eli Lilly and Company

GOODELL, DEVRIES, LEECH & DANN, LLP


 /s/ Sidney G. Leech (by permission-rm)
SIDNEY G. LEECH, #359071
One South Street, 20th Floor
Baltimore, MD   21202
410-783-4000

Counsel for Defendant Bristol-Myers Squibb

TROUTMAN SANDERS LLP

 /s/ John F. Anderson (by permission-rm)
JOHN F. ANDERSON, #393764
1660 International Drive, Suite 600
McLean, VA   22102
703-734-4356

Counsel for Defendant Dart Industries, Inc.

GOODWIN PROCTER LLP

 /s/ Sarah S. Keast   (by permission-rm)
SARAH S. KEAST, #493632
901 New York Avenue, N.W.
Washington, DC   20001
202-346-4000

Counsel for Defendant Premo Pharmaceutical
 Laboratories, Inc.

DRINKER BIDDLE & REATH LLP

 /s/ Elizabeth Ewert   (by permission-rm)
ELIZABETH EWERT, #479368
1500 K Street, N.W., Suite 1100
Washington, DC   20005-1209
202-842-8800

Counsel for Defendants Pharmacia and Upjohn
 Company, Merck & Co., Inc. and Ortho-
 McNeil Pharmaceutical, Inc.

WHITNEY & BOGRIS, LLP

 /s Janet K. Coleman (by permission-rm)
JANET K. COLEMAN, #497902
401 Washington Avenue, Twelfth Floor
Towson, MD   21204
410-583-8000

Counsel for Defendants SmithKline Beecham
 Corporation d/b/a GlaxoSmithKline and
 Mallinckrodt, Inc.

TYDINGS & ROSENBERG LLP

 /s/ Jaime W. Luse (by permission-rm)
JAIME W. LUSE, #501944
100 East Pratt Street, 26th Floor
Baltimore, MD   21202
410-752-9700

August 9, 2007

Counsel for Elan Pharmaceuticals, Inc. f/k/a
 Carnrick Laboratories, Inc.